UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SHARON CRAFT,

        Plaintiff,                          Hon. Ellen S. Carmody

v.                                           Case No. 1:15-CV-1180

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

**OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. On January 26, 2016, the parties agreed to proceed in this Court for all further proceedings, including an order of final judgment. (ECF No. 10).

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.  See Bogle, 998 F.2d at 347; Mullen, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff was 48 years of age on her alleged disability onset date.  (PageID.168).  She successfully completed high school and worked previously as an assembler.  (PageID.91-92). Plaintiff applied for benefits on May 2, 2012, alleging that she had been disabled since July 19, 2011, due to sleep apnea.  (PageID.168-80, 207).  Plaintiff's applications were denied, after which time she requested a hearing before an Administrative Law Judge (ALJ).  (PageID.62-164).  On April 25, 2014, Plaintiff appeared before ALJ David Pang with testimony being offered by Plaintiff and a vocational expert.[1]  (PageID.37-60).  In a written decision dated June 11, 2014, the ALJ determined that Plaintiff was not disabled.  (PageID.85-93).  The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.25-28).  Plaintiff subsequently initiated this pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

---

[1] Prior to the administrative hearing, Plaintiff reported that "her sleep apnea is currently controlled well enough that she could be able to return to appropriate work." (PageID.240).  Accordingly, Plaintiff asserted that she was seeking disability benefits "for a closed period of disability through June 2013").  (PageID.240).

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability.  *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[2]  If the Commissioner can make a dispositive finding at any point in the review, no further finding is required.  *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).  The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity.  *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy.  *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528.  While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*,

---

[2] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffers from: (1) arthritis in the right knee; (2) obstructive sleep apnea; and (3) obesity, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.87-88). With respect to Plaintiff's residual functional capacity, the ALJ found that Plaintiff retained the ability to perform light work subject to the following limitations: (1) she can only occasionally climb ladders, ropes, and scaffolds and can frequently climb ramps and stairs; (2) she can never work at unprotected heights or around dangerous machinery; and (3) she would only occasionally be able to operate a motor vehicle. (PageID.88).

The ALJ found that Plaintiff was unable to perform her past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, her limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a

significant number of jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed approximately 482,000 jobs nationwide which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (PageID.56-58). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006). The ALJ concluded, therefore, that Plaintiff was not entitled to disability benefits.

**I.         Plaintiff's Residual Functional Capacity**

A claimant's residual functional capacity (RFC) represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule." Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996); *see also*, *Payne v. Commissioner of Social Security*, 402 Fed. Appx. 109, 116 (6th Cir., Nov. 18, 2010). As noted above, the ALJ concluded that Plaintiff retained the ability to perform a range of light work. Plaintiff argues that she is entitled to relief because the ALJ's RFC determination is not supported by substantial evidence. Specifically, Plaintiff asserts that the ALJ failed to find that she "fall[s] asleep for 10 to 20 minutes on the job without warning." (PageID.408).

On May 26, 2011, Plaintiff was examined by Dr. Bantu Chhangani. (PageID.282-84). The doctor noted that Plaintiff had been diagnosed, in 2007, with obstructive sleep apnea. (PageID.282). Plaintiff reported that she then began using a CPAP device which "resolved" her

6

symptoms. (PageID.282). Plaintiff indicated that she was again experiencing "excessive daytime sleepiness." (PageID.282). The doctor attributed the reoccurrence of Plaintiff's symptoms to her work schedule as well as the fact Plaintiff had not been properly maintaining her CPAP device. (PageID.282-83). Plaintiff was instructed to: (1) obtain new CPAP supplies; (2) participate in a CPAP retitration study; and (3) return for a follow-up examination in two months. (PageID.284).

On August 12, 2011, Plaintiff was again examined by Dr. Chhangani. (PageID.272-73). The doctor reiterated that Plaintiff was experiencing obstructive sleep apnea. (PageID.273). Plaintiff was provided medication and instructed to use her CPAP machine at the settings indicated by her recent retitration study. (PageID.273). Plaintiff was also instructed to return for "reassessment in 3 months." (PageID.273). Plaintiff did not return to meet with Dr. Chhangani, however, until April 27, 2012. (PageID.267-68). The doctor observed that "[t]he patient did not follow up as instructed and presents almost a year later. The reason for this delay in followup is not very clear to me today." (PageID.267). Plaintiff reported that she was still experiencing daytime sleepiness. (PageID.267). The doctor recommended that Plaintiff begin using a BPAP device and begin taking a different medication. (PageID.267-68). Plaintiff was instructed to return for a follow-up visit in four months. (PageID.268).

Treatment notes dated September 27, 2012 indicated that "the BPAP has been somewhat more effective than the CPAP but [Plaintiff] still has complaints of residual daytime fatigue and sleepiness." (PageID.304). Plaintiff also reported that she was not taking her prescribed medication, however. (PageID.304). Plaintiff's medication regimen was modified. (PageID.305). On December 6, 2012, Plaintiff reported to Dr. Chhangani that her medication was "quite effective" and, moreover, that she had lost weight since she began walking her dog. (PageID.306). On June

7

12, 2013, Plaintiff reported that "the combination of the BPAP and [medication] help her stay asleep at nighttime, wake up rested and refreshed and stay awake during the day." (PageID.308).

At the administrative hearing, Plaintiff testified that she was fired in 2011 because she "was falling asleep during [the] job." (PageID.44-45). Plaintiff testified that the fact that her job was "boring" contributed to her falling asleep. (PageID.48). She further stated, "if they would have let me walk around, I would have probably had no problem." (PageID.48). Plaintiff reported that immediately after being fired, she began seeking other employment. (PageID.43-44). Plaintiff testified that she applied for disability benefits because she "was unable to find a job." (PageID.46).

The ALJ's RFC finding is supported by substantial evidence. The record does not contain any support for Plaintiff's argument that her RFC should also have contained a limitation that she "fall[s] asleep for 10 to 20 minutes on the job without warning." None of Plaintiff's care providers articulated any such limitation. Likewise, Plaintiff's care providers did not offer any opinion regarding Plaintiff's ability to function that was inconsistent with the ALJ's RFC determination. This argument is, therefore, rejected.

II.        **Plaintiff's Non-Compliance with Treatment**

As noted above, on August 12, 2011, Dr. Chhangani instructed Plaintiff to return for followup treatment in three months. Plaintiff, however, waited more than eight months before being submitting to a followup examination. In his discussion of the evidence, the ALJ noted this fact and concluded that Plaintiff's "delay in following up with her doctor led to the delay in the improvement in her condition." (PageID.90-91). Plaintiff asserts that she is entitled to relief because it was improper for the ALJ to conclude that she was non-compliant with treatment.

Plaintiff argues that the ALJ failed to follow the appropriate analytical steps articulated in Social Security Ruling 82-59 before denying her claim based upon a failure to comply with treatment directives. This provision, however, is inapplicable presently. Social Security Ruling 82-59 articulates a framework an ALJ must follow when assessing whether a claimant has failed to follow prescribed treatment. *See, e.g., Carr v. Colvin*, 2013 WL 1309094 at *22-23 (M.D. Tenn., Mar. 12, 2013) (citing Soc. Sec. Rul. 82-59). This framework, however, only applies "if the claimant's impairment is found to be disabling under steps one through five and is amenable to treatment expected to restore [her] ability to work." *Id.* (citation omitted). The ALJ did not find that Plaintiff was disabled, thus Social Security Ruling 82-59 does not apply. Instead, the ALJ's comment, which is completely accurate, was simply one item which the ALJ cited in assessing Plaintiff's credibility. Accordingly, this argument is rejected.

## CONCLUSION

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**. The Court further determines that appeal of this matter would not be taken in good faith. *See Smith v. Commissioner of Social Security*, 1999 WL 1336109 at *2 (6th Cir., Dec. 20, 1999); *Leal v. Commissioner of Social Security*, 2015 WL 731311 at *2 (N.D. Ohio, Feb. 19, 2015); 28 U.S.C. § 1915(a)(3). A judgment consistent with this opinion will enter.

Date: August 5, 2016                            /s/ Ellen S. Carmody
                                                            ELLEN S. CARMODY
                                                            United States Magistrate Judge